MEMORANDUM **
Petitioner Rodrigo Soria-Garibay seeks review of the Board of Immigration Appeals’s (BIA) decision upholding the immigration judge’s (IJ) denial of his application for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252(a).
Because Soria-Garibay requested voluntary departure more than 30 days after the merits hearing was initially calendared, the IJ could not. grant voluntary departure “except pursuant to a stipulation” by the Department of Homeland Security (DHS) under 8 C.F.R. § 1240.26(b)(2). See 8 C.F.R. § 1240.26(b)(l)(ii). Soria-Garibay contends that when the DHS makes such a stipulation under § 1240.26(b)(2), the alien is entitled to a grant of voluntary departure and the IJ lacks discretion to deny that form of relief. Therefore, he argues, the IJ and BIA erred in denying him such relief here. The government offers a contrary interpretation of § 1240.26(b)(2), contending that government counsel’s stipulation to a grant of voluntary departure is necessary to allow the IJ to consider the alien’s untimely motion for voluntary departure, but the IJ nevertheless retains discretion to deny relief.
We need not reach this interpretative issue here. DHS made clear that the purpose of its § 1240.26(b)(2) stipulation was only to allow the IJ to consider Soria-Garibay’s otherwise untimely request for voluntary departure. DHS’s attorney stated that “in order for the respondent to get [voluntary departure], the Government would acquiesce and leave it to the Court’s discretion to the extent the Court has discretion to make a decision in this case.” Because DHS’s stipulation expressly left Soria-Garibay’s request for voluntary departure to the IJ’s discretion, the IJ did not err in denying Soria-Garibay’s request.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.